RENDERED:  APRIL 18, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1027-MR

HAROLD DANIELS                                                            APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.            HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 23-CI-00549

MELISSA DANIELS AND SABER
MANAGEMENTS-KENTUCKY, LLC,
D/B/A WOODLAWN MEMORIAL
GARDENS & MAUSOLEUM                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

JONES, A., JUDGE:  The Appellant, Harold Daniels (Harold), appeals from the

McCracken Circuit Court's August 10, 2023, order dismissing his claims against

the Appellee, Melissa Daniels (Melissa).[1]  For the reasons set forth below, we

affirm.

---

[1] The circuit court's dismissal order referenced only Harold's claim against Melissa.  However, the substance of the order effectively terminated Harold's related claim against Saber

# I. BACKGROUND

Donald Edward Daniels (Donald) died on May 2, 2022. Prior to Donald's death, his father, Harold, had purchased three burial plots in Woodlawn's underground cemetery. Donald's mother, who predeceased him, was buried in one of the plots. According to Harold, Donald had expressed a desire to be buried in one of the two remaining plots prior to his death, and Melissa, Donald's surviving spouse, went along with this plan after Donald's death.

However, some six months later, on November 25, 2022, at Melissa's direction, Woodlawn disinterred and relocated Donald's remains to the mausoleum on the far east side of the cemetery. Neither Melissa nor Woodlawn gave Harold any advance notice of the planned disinterment.

On June 28, 2023, Harold filed a civil complaint against Melissa and Woodlawn seeking an injunction for reinterment of Donald's remains to their original place of burial, costs of doing such reinterment, costs of suit, and emotional distress damages. In lieu of filing an answer, Melissa moved to dismiss Donald's claims against her for failure to state a claim upon which relief can be granted pursuant to CR 12.02(f). In her motion, Melissa argued that as Donald's

---

Managements-Kentucky, LLC, d/b/a Woodlawn Memorial Gardens and Mausoleum ("Woodlawn"). Because the order effectively adjudicated all of Harold's claims, it is final and appealable. Kentucky Rule of Civil Procedure (CR) 54.01 ("A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding[.]").

next of kin, she possessed the right to change Donald's place of burial at her pleasure and that neither she nor Woodlawn was obligated to notify Harold of the planned disinterment. In response, Harold acknowledged that as Donald's next-of-kin, Melissa had possessed the right to determine where Donald's body would be laid to rest after he passed away. However, he asserted once Donald had been buried, Melissa was obligated to confer with Donald's remaining kin before disinterring the body. Melissa responded that she complied with all relevant regulations by applying for a disinterment permit from the McCracken County Health Department. She asserted that the permit was approved by the local registrar on November 17, 2022, five days before Donald's body was relocated to the mausoleum.

By order entered August 10, 2023, the circuit court granted Melissa's motion. The circuit court concluded that under KRS[2] 367.93117 as Donald's surviving spouse Melissa possessed the "sole right to make decisions regarding burial, [interment], disinterment, and [reinterment]." (Record (R.) at 37.) This appeal followed.

## II. STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no

---

[2] Kentucky Revised Statutes.

deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Gregory v. Hardgrove*, 562 S.W.3d 911, 913 (Ky. 2018) (quoting *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)). In ruling on a motion for failure to state a claim, the trial court should take all the allegations in the complaint as true and not dismiss "unless the pleading party appears not to be entitled to relief under any set of facts which could be proven in support of his claim." *Marshall v. Montaplast of N. Am., Inc.*, 575 S.W.3d 650, 651 (Ky. 2019) (quoting *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). "[T]he question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *Fox*, 317 S.W.3d at 7 (internal quotation marks and citation omitted).

### III. ANALYSIS

Under KRS 367.93117, Melissa clearly had the right to control the original disposition of Donald's remains. The statute provides:

> (1) Except as provided in subsection (2) of this section, the right to control the disposition of a decedent's body, make arrangements for funeral services, make arrangements for burial or cremation, and to make other ceremonial arrangements after an individual's death devolves on the following in the priority listed:
>
> > (a) A person:
> >
> > > 1. Named as the designee or alternate designee in a declaration executed by

the decedent under KRS 367.93101 to 367.93121; or

2. Named in a United States Department of Defense form "Record of Emergency Data" (DD Form 93) or a successor form adopted by the United States Department of Defense if the decedent died while serving in any branch of the United States Armed Forces, pursuant to KRS 36.440;

(b) The decedent's surviving spouse;

(c) A surviving adult child of the decedent or, if more than one (1) adult child is surviving, the majority of the adult children. Less than half of the surviving adult children have the right to control disposition under this section if the child or children have used reasonable efforts to notify the other surviving adult children of their intentions and are not aware of any opposition to the final disposition instructions by more than half of the surviving adult children and this has been attested to in writing;

(d) The surviving parent or parents of the decedent. If one (1) of the parents is absent, the parent who is present has the right to control disposition under this section if the parent who is present has used reasonable efforts to notify the absent parent and attests to that in writing;

(e) The surviving adult grandchild of the decedent or, if more than one (1) adult grandchild is surviving, the majority of the adult grandchildren. Less than half of the

surviving adult grandchildren have the right to control disposition under this section if the grandchild or grandchildren have used reasonable efforts to notify the other surviving adult grandchildren of their intentions and are not aware of any opposition to the final disposition instructions by more than half of the surviving adult grandchildren and this has been attested to in writing;

(f) The decedent's surviving adult sibling or, if more than one (1) adult sibling is surviving, the majority of the adult siblings. Less than half of the surviving adult siblings have the right to control disposition under this section if the sibling or siblings have used reasonable efforts to notify the other surviving adult siblings of their intentions and are not aware of any opposition to the final disposition instructions by more than half of the surviving adult siblings and this has been attested to in writing;

(g) An individual in the next degree of kinship under KRS 391.010 to inherit the estate of the decedent or, if more than one (1) individual of the same degree is surviving, the majority of those who are of the same degree of kinship. Less than half of the individuals who are of the same degree of kinship have the right to control disposition under this section if they used reasonable efforts to notify the other individuals who are of the same degree of kinship of their intentions and are not aware of any opposition to the final disposition instructions by more than half of the individuals who are of the same degree of

-6-

kinship and this has been attested to in writing;

(h) If none of the persons described in paragraphs (a) to (g) of this subsection are available, the following may act and arrange for the final disposition of the decedent's remains:

1. Any other person willing to act and arrange for the final disposition of the decedent's remains who attests in writing that a good-faith effort has been made to contact any living individuals described in paragraphs (a) to (g) of this subsection; or

2. A funeral home that has a valid prepaid funeral plan that makes arrangements for the disposition of the decedent's remains if the funeral director attests in writing that a good-faith effort has been made to contact any living individuals described in paragraphs (a) to (g) of this subsection;

(i) A court-appointed guardian or conservator for the decedent at the time of death, after all the alternatives in paragraphs (a) to (h) of this subsection have been exhausted. Cremation shall be permitted under this subsection only if:

1. The decedent has not expressed an objection to cremation to the guardian or conservator prior to death; and

2. a. The decedent arranged a preneed policy in effect that is limited to the cost of cremation; or

b. The decedent lacked sufficient funds at the time of death to pay for a full burial; or

(j) The District Court in the county of the decedent's residence or the county in which the funeral home or the crematory is located.

(2) No person shall have the right to control the disposition of the remains of the decedent if the person has been arrested for, or charged with, committing an offense intentionally, knowingly, or wantonly, which resulted in the death of the decedent.

(3) A person disqualified pursuant to subsection (2) of this section may petition the court, in the interest of justice, to waive the disqualification.

*Id.*

As Harold points out, KRS 367.93117 does not mention disinterment and reinterment. And, under the common law, as was explained in *Brake v. Mother of God's Cemetery*, 65 S.W.2d 739, 739 (Ky. 1933), an estoppel could apply to prevent a body from being moved, even by a surviving spouse, once it had been interred. Therein, the court recognized that the "wishes of the surviving spouse [were] not supreme and final when the body ha[d] been laid at rest and the aid of equity [was] invoked to disturb the quiet of the grave[.]" *Id.* at 740.

However, subsequent to *Brake*, the General Assembly enacted

-8-

KRS 213.076(11), which provides that: "Authorization for disinterment, transportation, and reinterment or other disposition shall be required prior to disinterment of any human remains. The authorization shall be issued by the state registrar upon proper application." Having been given the authority "to regulate the disposal, and disinterment of dead bodies," the Cabinet for Human Resources promulgated 901 KAR[3] 5:090. "The purpose of this administrative regulation is to establish uniform requirements for the interment, disinterment and reburial of dead bodies in Kentucky." *Id.* Section 2(2)(g) of 901 KAR 5:090 provides that an application for disinterment must include "[a] statement by the applicant that [s]he has obtained written permission *from all members of the same class of the next-of-kin* or an order from a court of competent jurisdiction for the removal of the remains[.]" (Emphasis added.) "In Kentucky, administrative regulations do have the force and effect of law when they have been duly promulgated and are consistent with the enabling legislation." *Centre College v. Trzop*, 127 S.W.3d 562, 566 (Ky. 2003).

As Donald's surviving spouse, Melissa is in a class by herself, above Donald's parents. Since Donald's parents are below her in terms of priority, she did not have to secure their permission prior to obtaining a permit to disinter Harold's body. Their permission would have only been required if they were in

---

[3] Kentucky Administrative Regulations.

the same class of the next-of-kin as Melissa. Therefore, we must conclude that the circuit court properly granted Melissa's motion to dismiss.

## IV. Conclusion

For the reasons set forth above, we affirm the McCracken Circuit Court's August 10, 2023 order of dismissal.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE MELISSA DANIELS: |
|---|---|
| Dennis L. Null, Sr.<br>Mayfield, Kentucky | Charles S. Foster<br>Mayfield, Kentucky |